UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 15-183-DLB

EDDIE LEE PENLAND                                                      PETITIONER

VS.                **MEMORANDUM OPINION AND ORDER**

J. C. HOLLAND, WARDEN                                   RESPONDENT

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Eddie Lee Penland is an inmate confined by the Bureau of Prisons ("BOP") at the United States Penitentiary in Pine Knot, Kentucky. Penland has filed a *pro se* Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, in which he collaterally challenges his prison sentence. (Docs. # 1, 11, & 14). Having thoroughly reviewed the petition and its supporting materials, the Court finds that Penland is not entitled to the relief which he seeks. Therefore, his § 2241 habeas petition must be **denied**.

### BACKGROUND

On April 8, 2009, petitioner Eddie Lee Penland was on state probation[1] when local police in Martinsburg, West Virginia arrested him for being a felon in possession of a firearm. Penland obtained his release on bond on April 22, but was arrested again a week later on May 1, and charged with wanton endangerment, receiving stolen property, and two counts of being a felon in possession of a firearm. (Doc. # 11, p. 1).

---

[1] In 2007, Penland was convicted in West Virginia state court of felony cocaine possession, and in 2008 for felony burglary, the latter resulting in a five-year term of probation. (Doc. # 11, p. 1).

1

In light of Penland's criminal conduct and the new charges filed against him in Case Nos. 09-B-92 and 09-B-53, on April 30, 2009, the state filed a motion in his second prior criminal case, Case No. 07-F-57, seeking to revoke his probation.

Penland was still in state custody pending the West Virginia charges when on September 15, 2009, a federal grand jury sitting in Martinsburg, West Virginia issued a four-count indictment charging him with being a felon in possession of two firearms, another stolen firearm, and ammunition in violation of 18 U.S.C. §§ 922(g) & (j). The two state cases were dismissed without prejudice on October 16, 2009 and March 15, 2010, respectively, in light of the parallel federal prosecution. (Doc. # 1, p. 2-3). Pursuant to a February 18, 2010 written agreement, Penland pled guilty to one federal charge of being a felon in possession in exchange for the dismissal of the remaining counts. On July 28, 2010, the trial court imposed a sentence of 100 months imprisonment, and the judgment included a recommendation that the BOP give Penland "credit for time served from October 6, 2009." *United States v. Penland*, No. 3:09-CR-60-GMG-RWT-1 (N.D. W.Va. 2009) (Docs. # 1, 34, 43, & 46).

Penland was returned to state custody to face the pending probation revocation proceedings, and on November 8, 2010, the Circuit Court of Jefferson County, West Virginia revoked Penland's probation in Case No. 07-F-57 in light of his recent federal conviction, and imposed an indeterminate sentence of one to ten years to run concurrently with his federal conviction. On March 9, 2011, the state court modified its judgment and sentenced Penland to time served for the probation violation. (Doc. # 11, p. 7-8). Penland was then taken into federal custody on May 11, 2011, and transferred

to the United States Penitentiary, McCreary in Pine Knot, Kentucky to begin service of his federal sentence. (Doc. # 11, p. 2-4).

The BOP originally calculated Penland's sentence by commencing it on March 15, 2011 – the day his West Virginia probation revocation sentence concluded – and awarded prior custody credits from April 8 to April 22, 2009. (Doc. # 11, p. 9). In October 2014, Penland sent a letter to the trial court asking it to require the BOP to award prior custody credits beginning on April 8, 2009 because his state charges were ultimately dismissed. The trial court denied that motion on October 10, 2014, but did state that "[t]he Court ordered that he receive credit for time served from October 6, 2009." (Docs. # 52, 54). Although the 2010 federal judgment imposed a 100-month sentence and recommended only that the BOP award such credits rather than reducing the sentence to account for time spent in custody, the BOP apparently considered the trial court's 2014 Order mandatory. Accordingly, the BOP revised its calculations in August 2015, awarding Penland additional prior custody credits from October 6, 2009 to July 26, 2010, the date the federal judgment was imposed. (Doc. # 1, p. 6).

Still dissatisfied, on August 31, 2015, Penland filed an inmate grievance with the BOP insisting that he be given credit against his federal sentence beginning on April 22, 2009 (the day he was arrested by state authorities) to March 15, 2011 (the day he was taken into federal custody). The Warden denied that grievance on September 11, 2015. Penland filed an appeal to the BOP's Mid-Atlantic Regional Office ("MARO") on September 21, 2015. MARO extended its time to respond to his appeal until November 4, 2015, but Penland prematurely filed this action on October 16, 2015. (Doc. # 13). Penland alleges that he never received a response from MARO, but on November 16,

3

2015 he filed an appeal to the BOP's Central Office. (Doc. # 11, p. 14). The Central Office denied Penland's appeal on January 28, 2016, as repetitive of a previously-filed grievance regarding the same issue. (Doc. # 14, p. 8-12).

## DISCUSSION

In his petition, Penland contends that he is entitled to additional prior custody credits for two time periods. First, he seeks credit from April 23, 2009 (the day he was released on bond after his arrest) to October 5, 2009 (the day before the BOP began awarding prior custody credits pursuant to the sentencing court's 2014 Order). Second, Penland seeks credit from July 26, 2010 (the day his federal sentence was imposed) to March 15, 2011 (the day his state sentence concluded and the BOP commenced his federal sentence). When his present requests are considered in conjunction with the prior custody credits the BOP has already awarded him, Penland seeks a total prior custody credit including all time from the day he was arrested until the day he was released by state authorities to begin his federal sentence.

The Court must review Penland's habeas corpus petition to determine "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)); *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court liberally construes *pro se* petitions at this stage by accepting factual allegations as true and reading legal claims broadly. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Nonetheless, having thoroughly reviewed the petition and its supporting materials, the Court must deny relief, not only

because Penland is not entitled to any further prior custody credits, but also because the BOP is presently giving him more prior custody credits than he is entitled to.

When West Virginia authorities arrested Penland and took him into custody on April 9, 2009, the state obtained primary custody over him. *Ponzi v. Fessenden*, 258 U.S. 254, 262 (1922). West Virginia's primary custody over Penland was later reinforced by the April 30, 2009 motion requesting revocation of his probation, as well as his re-arrest on May 1, 2009 on new state charges. That primary jurisdiction afforded West Virginia the right to have Penland serve his state sentence first, a right it retained even though the federal government had charged, tried, and sentenced him pursuant to a writ of habeas corpus, before the West Virginia charges were resolved. *Cf. United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998); *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005).

When Penland was transferred into federal custody in May 2011, the BOP calculated his sentence, including both its commencement date and any credits for custody before that date, pursuant to federal statute:

> (a) A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
>     (1) as a result of the offense for which the sentence was imposed; or
>
>     (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

5

that has not been credited against another sentence.

18 U.S.C. § 3585.[2]

Section 3585(a) establishes when a federal sentence begins. Here, the BOP correctly commenced Penland's sentence on March 15, 2011, when West Virginia ceded custody over him to allow him to begin service of his federal sentence. *Jones v. Eichenlaub*, No. 08-CV-13624, 2010 WL 2670920, at *2 (E.D. Mich. 2010) ("A consecutive [federal] sentence imposed on a defendant already in state custody, however, cannot commence until the state authorities relinquish the prisoner on satisfaction of the state obligation") (citing *Thomas v. Whalen*, 962 F.2d 358, 361 n.3 (4th Cir.1992)). Penland does not contest this determination.

Because Penland seeks credit for time he spent in state custody preceding this date, its availability is governed by Section 3585(b). First, the BOP has granted Penland prior custody credit for the time he spent in state custody from April 9, 2009 to April 22, 2009, because – in light of the subsequent dismissal of the two 2009 state prosecutions – that time was not "credited against another sentence" by West Virginia. Second, Penland seeks credit from April 23, 2009 to May 1, 2009, during which time he was out on bond until he committed several new crimes. Because he was not in state or federal custody at all during this period, he cannot obtain custody credit under Section 3585(b).

Penland also seeks prior custody credit from May 1, 2009 to March 15, 2011. But by its terms Section 3585(b) only permits credit against a federal sentence if that time has not been credited against another sentence. Accordingly, time already

---
[2] The BOP implements § 3585 through Program Statement 5880.28.

6

credited towards service of a state sentence may not be double counted in credit against a federal sentence. *United States v. Lytle*, 565 F. App'x 386, 392 (6th Cir. 2014) ("Time which has been credited towards service of a state sentence may not be 'double counted' against a federal sentence"); *Broadwater v. Sanders*, 59 F. App'x 112, 113-14 (6th Cir. 2003). In this case, Penland's commission of five new crimes in April 2009 resulted in West Virginia revoking his probation in Case No. 07-F-57, and he was serving the resulting sentence during the entirety of this period. Because this time was spent in satisfaction of his state sentence, it cannot be counted a second time in satisfaction of his federal sentence. *King v. Federal Bureau of Prisons*, 285 F. App'x 2, 3-4 (3d Cir. 2008); *Diaz v. Holinka*, No. 10-CV-218-SLC, 2010 WL 2403762, at *2-3 (W.D. Wisc. June 10, 2010); *Blaylock v. Bezy*, 188 F. App'x 492, 493 (7th Cir. 2006).

Congress gave the BOP the exclusive authority to calculate a prisoner's federal sentence, and a federal sentencing court lacks the authority to direct the BOP in how to make that calculation or give credits. *See United States v. Wilson*, 503 U.S. 329, 333-35 (1992); *United States v. Gaskins*, 393 F. App'x 910, 914 (3d Cir. 2010). If a sentencing court wants to effectively shorten a federal sentence because a defendant has spent considerable time in pretrial custody, it must do so directly by shortening the sentence itself pursuant to U.S.S.G. § 5G1.3. *Gaskins*, 393 F. App'x at 914; *Belcher v. Cauley*, No. 0: 08-132-HRW, 2009 WL 464932, at *2-3 (E.D. Ky. Feb. 24, 2009); *Pitman v. U.S. Bureau of Prisons*, No. 09-383-GFVT, 2011 WL 1226869 (E.D. Ky. Mar. 30, 2011). The sentencing court did not do so here, and courts have uniformly held that mere recommendations that a defendant receive pretrial custody credits do not bind the BOP. *Cf. Diaz*, 2010 WL 2403762 at *2 ("The question under § 3585 is whether the time

served has already 'been credited against another sentence,' not whether a judge would like it deemed so. At any rate, the Bureau of Prisons would not be bound by such recommendations"). While the BOP has apparently concluded that it is bound by the sentencing court's October 10, 2014 Order interpreting the terms of its 2010 Judgment, it is not. As a result, the BOP is currently crediting Penland with nearly ten months of prior custody credit that is not warranted by Section 3585(b).

Penland has failed to show that he is entitled to relief in the form of additional prior custody credits, and is presently being given more credits than he is entitled to receive. Accordingly, his habeas petition is **denied**.

**IT IS ORDERED** as follows:

(1) Petitioner's habeas corpus petition, as amended (Docs. # 1, 11, & 14), is **DENIED**.

(2) This action is **DISMISSED** and **STRICKEN** from the Court's active docket; and

(3) A judgment shall be entered contemporaneously with Order.

This 21st day of September, 2016.

Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\ProSe\15-183 MOO.wpd

8